REDMANN, Chief Judge.
Does providing employee parking space while prohibiting employee parking elsewhere on the employer’s premises make an employer the depositary of the employees’ automobiles?
Answering no, we reverse a judgment in favor of plaintiff employees for their stipulated $250 loss from battery and stereo thefts.
Plaintiffs argue:
“The facts establish that the employees were not required to drive to work nor were they required to use their automobile at work. Likewise, they were not told that they could not bring their vehicles to work. In addition, they were ordered, if and when you bring your automobile to work you must park your car in the lot across the levee. The employees were not allowed to park their cars any where else in or around the plant. This directive is clearly an express consent on behalf of Tenneco Oil Company to the depositary relationship.
“... The stipulated facts establish that the employees sent these vehicles into the possession of Tenneco. The property upon which the automobiles were parked is owned by Tenneco. Tenneco, with full *1124 knowledge that the automobile had been parked on its premises and in fact with an order from Tenneco to park the vehicles there, did not refuse to receive them. Therefore, ... there can be no doubt that implied consent under Article 2933 of the Civil Code is present.”
Plaintiffs’ argument is that obliging the employees to park in a specific lot on the employer’s premises is comparable to obliging an employee to furnish his own tools and to leave them overnight on the employer’s premises. The latter circumstances were held to constitute the employer a depositary in Harper v. Brown & Root, Inc., 391 So.2d 1170 (La.1980).
The essential elements of delivery to and acceptance by the employer were present in Harper because “the employee as a practical matter was virtually required [by the employer] to leave his tools at the construction site [overnight] and cannot reasonably be viewed as having done so for his own convenience as a matter of choice.” 391 So.2d at 1173.
When an employee delivers his tools to his employer at the end of the day and leaves them in the exclusive possession of the employer, as a virtual requirement of the employment, the employer who has required that delivery to itself has certainly consented to it. But that reasoning of Harper is only applicable in a very limited sense to our case, because our employer never required the delivery of plaintiffs’ automobiles to it: what our employer required was that the employees not deliver an automobile onto that part of the employer’s premises where the employees worked. The only application we can see of the Harper principle is that an order to employees to park in one location rather than others implies consent to their parking at the assigned location. But because our employer did not oblige the employees to deliver their automobiles to the employer’s custody, the Harper principle does not support a conclusion that the employer consented to delivery of the automobiles to itself as a depositary.
Reversed.